

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00401-CV

---

CHRISTOPHER GARCIA, APPELLANT

V.

SEGWAY, INC., BIRD RIDES, INC., AND ROD KELLER, APPELLEES

---

On Appeal from the 455th District Court
Travis County, Texas
Trial Court No. D-l-GN-20-001417, Honorable Laurie Eiserloh, Presiding

---

August 9, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Christopher Garcia, appeals from the trial court's September 13, 2023 order granting summary judgment in favor of Appellees Segway, Inc., Bird Rides, Inc., and Rod Keller and dismissing Garcia's claims against these parties with prejudice. Because of our concern that the order on appeal lacks finality and appealability, we abate and remand this cause to the trial court for further proceedings.

In 2020, Garcia sued Appellees in addition to Travis VanderZanden and Brian Buccella, alleging violation of the Texas Uniform Trade Secrets Act. According to the clerk's "docket record," VanderZanden entered a special appearance which was granted. The clerk's record does not contain a copy of a signed, written order memorializing that disposition, however. The clerk's docket record further indicates that Garcia filed a notice nonsuiting his claim against Buccella. The record, however, does not contain a signed, written order granting the nonsuit. As noted, on September 13, 2023, the trial court signed an order granting Appellees' motion for summary judgment and dismissing Garcia's claims against them. This appeal followed.[1]

Generally, with few statutory exceptions, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). When there has been no conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or it clearly and unequivocally states that it finally disposes of all claims and all parties. *Id.* at 205.

Here, the September 13, 2023 summary judgment order bears no language of finality, and the record does not establish that Garcia's claims against VanderZanden and Buccella have been finally resolved by signed, written orders. Therefore, in the absence of a final judgment disposing of all parties and all claims or signed, written orders dismissing VanderZanden and granting Garcia's nonsuit of Buccella, the September 13, 2023 summary judgment order is not final and appealable. *See In re Bennett,* 960 S.W.2d 35, 38 (Tex. 1997) (per curiam) ("Appellate timetables do not run from the date a nonsuit

---

[1] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

is filed, but rather from the date the trial court signs an order of dismissal."); *Iacono v. Lyons,* 6 S.W.3d 715–16 (Tex. App.—Houston [1st Dist.] 1999, order) (per curiam) ("[W]hen a nonsuit is filed after a partial judgment has been signed, the judgment does not become final until the trial court signs either an order granting the nonsuit or a final judgment explicitly memorializing the nonsuit.").

Without a final judgment for review, this appeal is premature and we are without appellate jurisdiction. As an alternative to dismissal, however, we may abate a premature appeal to allow the trial court to cure a jurisdictional defect, particularly when only the ministerial act of making a judgment final remains. *See* TEX. R. APP. P. 27.2; *Iacono,* 6 S.W.3d at 717 (abating appeal when trial court needed only to act on pending notice of nonsuit).

Accordingly, we abate this appeal and remand the cause to the trial court to issue such further orders or judgment necessary to create a final, appealable order or judgment in this cause. *See* TEX. R. APP. P. 27.2, 44.4(b). Unless orders dismissing VanderZanden and granting Buccella's nonsuit, or a judgment that finally disposes of all parties and all claims, are included in a supplemental clerk's record and filed with the Clerk of this Court on or before September 9, 2024, the appeal will be reinstated and dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

It is so ordered.

Per Curiam

3